JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6512 PA (MARx) | Date | September 16, 2022 |
|---|---|---|---|
| Title | Daniel Woods v. Lockheed Martin Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Lockheed Martin Corporation ("Removing Defendant"). Removing Defendant contends that this Court possesses diversity jurisdiction over the action filed by plaintiff Daniel Woods ("Plaintiff") against Removing Defendant (also sued erroneously as Lockheed Martin) and its codefendants Richard Barraza (erroneously sued as Richard Barrazam), Danielle Bartos, Lasheena Maclin, and J. Winston Rogers (collectively the "Individual Defendants") based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6512 PA (MARx) | Date | September 16, 2022 |
|---|---|---|---|
| Title | Daniel Woods v. Lockheed Martin Corporation, et al. | | |

1989). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, Removing Defendant recognizes that the Complaint alleges that both Plaintiff and the Individual Defendants are citizens of California, but alleges that the citizenship of the Individual Defendants "should be disregarded because no cause of action is stated against them in the Complaint, nor could a cause of action be established, and Plaintiff has agreed to dismiss them from this action." (Notice of Removal ¶ 9.) As an initial matter, although Plaintiff may have agreed to dismiss the Individual Defendants, at the time of removal, and even to date, Plaintiff has not done so. Indeed, as of September 15, 2022, when Plaintiff filed his Notice of Interested Parties, Plaintiff still listed the Individual Defendants as parties who may have a pecuniary interest in the outcome of the case. As a result, Removing Defendant has failed to satisfactorily establish that Plaintiff is diverse from all defendants at the time of removal.

By alternatively alleging in the Notice of Removal that the citizenship of the Individual Defendants "should be disregarded because no cause of action is stated against them in the Complaint, nor could a cause of action be established," Removing Defendant appears to contend that the Individual Defendants are fraudulently joined. There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6512 PA (MARx) | Date | September 16, 2022 |
|---|---|---|---|
| Title | Daniel Woods v. Lockheed Martin Corporation, et al. | | |

be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

At least on this record, this Court cannot conclude that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against at least some of the Individual Defendants. See Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951, 139 Cal. Rptr. 3d 464, 468 (2012) ("[Harassment under FEHA] can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Moreover, harassing conduct takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."); see also Roby v. McKesson Corp., 47 Cal. 4th 686, 706, 101 Cal. Rptr. 3d 773, 788 (2009) (concluding that, unlike discriminatory conduct, harassment "often does not involve any official exercise of delegated power on behalf of the employer").

Removing Defendant has therefore failed to meet its "heavy burden of persuasion" to establish that the Individual Defendants are fraudulently joined, and the Court will not ignore their citizenship for purposes of evaluating whether diversity jurisdiction exists. Because Plaintiff and the Individual Defendants are not completely diverse, the Court concludes that Removing Defendant has not established that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 22STCV24979, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.